# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20302
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2014

Lyle W. Cayce
Clerk

CHONDRA T. JOHNSON,

Plaintiff - Appellee

v.

PRAIRIE VIEW A & M UNIVERSITY,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3606

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This is an interlocutory appeal of the district court's refusal to dismiss claims barred from federal adjudication by the Eleventh Amendment. We reverse and remand with instructions to dismiss those claims.

Chondra Johnson, a former Director of Recreation Sports, sued Prairie View A&M University ("PVAMU"), alleging sex discrimination, harassment, and retaliation in violation of Title VII, claims under the Family and Medical

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20302

Leave Act ("FMLA")[1] and the Texas Workers Compensation Act ("TWCA"). PVAMU moved to dismiss the workers' compensation and FMLA claims on sovereign immunity grounds, and the other claims either for untimeliness or failure to state a claim. Johnson's pro se response included a motion to strike PVAMU's motion to dismiss because PVAMU did not comply with the Southern District of Texas Local Rule 7. Her response also included a request for appointment of counsel or, alternatively, to withdraw her suit without prejudice. PVAMU noted in reply that Johnson failed to address any of the arguments in its motion to dismiss and that Local Rule 7 does not apply to dispositive motions under Rule 12(b)(1). The University advised the district court, however, that it did not oppose her motion for dismissal without prejudice.

The district court issued a brief order denying the motion to dismiss and stating that "the case, in its entirety, is not subject to dismissal." The district court did not consider PVAMU's immunity claims and failed to mention Johnson's unopposed motion to dismiss without prejudice.[2]

PVAMU appeals the district court's order to the extent it rejected the University's sovereign immunity claims. We have appellate jurisdiction over this otherwise nonfinal decision under the collateral order doctrine. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S. Ct. 684, 687 (1993). "The question of whether state defendants are entitled to sovereign immunity is… reviewed de novo." *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 962 (5th Cir. 2014) (citing *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011)).

---

[1] Although Johnson's complaint recites the FMLA as a basis of jurisdiction, it does not plead facts amounting to an FMLA cause of action.

[2] In her appellee's brief, Johnson does not renew her motion to dismiss.

2

No. 14-20302

Based on the Eleventh Amendment, "[a]bsent waiver, neither a State nor agencies acting under its control" are amenable to suit in federal court. *Puerto Rico Aqueduct*, 506 U.S. at 144, 113 S. Ct. at 687-88. PVAMU is a state university and therefore partakes of the State's sovereign immunity. *See Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318 (5th Cir. 2008); *United States v. Tex. Tech Univ.*, 171 F.3d 279, 289 n.14 (5th Cir. 1999); *see also* TEX. GOV'T CODE § 572.002(10)(B). There is no indication in the TWCA that any state agency like PVAMU has consented to be sued thereunder, let alone consented to a federal forum. And this is not a case where the state has waived its immunity defense or otherwise forfeited it by its conduct. *See Lapides v. Board of Regents*, 535 U.S. 613, 122 S. Ct. 1640 (2002) (state forfeits federal-forum immunity when it removes state-law claim to which it had consented to suit in state court). Finally, Johnson's FMLA claim is also barred by the doctrine of state sovereign immunity, *Coleman v. Court of Appeals*, 132 S. Ct. 1327, 1332 (2012). The University's sovereign immunity as to the TWCA and FMLA claims is perfectly intact, and the district court erred in refusing to dismiss those claims under Rule 12(b)(1) for lack of jurisdiction.

For these reasons, we **VACATE** the district court's order insofar as it denies PVAMU's motion to dismiss the TWCA and FMLA claims and **REMAND** with instructions to dismiss those claims.

3